# UNITED STATES DISTRICT COURT

for the

Middle District of Florida 

Orlando Division

Laurel L. Buescher

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

Wayne Ivey & Brevard County Sheriffs Office
Gerard Keating, attorney for BCSO & Wayne Ivey
Stephanie Phillips & Brevard Clerk of Court
Murray Daniel Logan, Esq. a Florida attorney

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Case No. 6:23-cv-739-CEM-LHP
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Laurel Lee Buescher |
| Address | 672 Charles Drive |
| | Melbourne (*City*), FL (*State*), 32935 (*Zip Code*) |
| County | Brevard |
| Telephone Number | 321-821-8542 |
| E-Mail Address | LLBuescher@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Wayne Ivey |
| Job or Title *(if known)* | Sheriff of Brevard County |
| Address | 700 South Park Ave |
| | Titusville (*City*), FL (*State*), 32780 (*Zip Code*) |
| County | Brevard |
| Telephone Number | (321) 264-5201 |
| E-Mail Address *(if known)* | |

☐ Individual capacity ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Gerard Keating, Esq. |
| Job or Title *(if known)* | Florida Civil Process attorney on retainer with Brevard Sheriff |
| Address | P.O. Box 1501 |
| | Daytona Beach (*City*), FL (*State*), 32115 (*Zip Code*) |
| County | Volusia |
| Telephone Number | (386) 405-1911 |
| E-Mail Address *(if known)* | gk@gerardkeatinglaw.com |

☐ Individual capacity ☑ Official capacity

Defendant No. 3

Name: Murray Daniel Logan, Esq. dba M. Daniel Logan PLLC

Job or Title *(if known)*: Officer of the Court and partner at Tittle, Kairalla & Logan PL

Address: 360 Columbia Drive, Suite 100

| West Palm Beach | FL | 33409 |
|---|---|---|
| *City* | *State* | *Zip Code* |

County: Palm Beach

Telephone Number: (561) 444-3336

E-Mail Address *(if known)*: dan@tkl-law.com

☐ Individual capacity ☑ Official capacity

Defendant No. 4

Name: Stephanie Phillips

Job or Title *(if known)*: Deputy Clerk of Court

Address: 2825 Judge Fran Jamieson Way

| Viera | FL | 32940 |
|---|---|---|
| *City* | *State* | *Zip Code* |

County: Brevard

Telephone Number: (321) 637-5413

E-Mail Address *(if known)*:

☐ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Amendment 4 and 14 to the Constitution of the United States. Equal Protection under Law and Right to Due Process. Sheriff's unlawful taking of property "under color of law" in participation with an attorney. 33 C.J.S. Executions 489 & F.S. 56.27(4) require a valid judgment lien & Judgment Lien Certificate - both expired. F.S. 56.21 Sheriff did not publish Notice of Sale in a newspaper or deliver notice to owner. No notice of attorney's non-party filings, including fraudulent writ of execution, and judgment assignment

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Gerard Keating could not approve Dan Logan's March 12, 2019 11 Tab Levy Binder & Levy Request for his client, Wayne Ivey. Keating advised Logan, how to "amend" his levy package for levy approval.
Stephanie Phillips added a backdated 3/8/2019 Certification to Van Eick judgment copy Logan labeled Exhibit B, she had recorded-without certification in ORB 8385 PG 1443 on 3/8/2019. Logan mailed the falsified ORB judgment copy-faking a new lien in Amended Levy Package- Illegal Sheriff Levy 4/8/2019.

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Brevard County, Florida
Brevard Circuit Case No: 05-2005-CA-064729 resulted in a $26,328.86 Final Judgment in 2006
The 100-acre parcel of vacant land is located in Palm Bay Florida on Micco Road.
The Brevard Sheriff's clerk, Sandra Lord held the unnoticed sale at 700 South Park Ave, Titusville, FL
The 11/8/2019 hearing began at Melbourne Courthouse and finished on 2/26/2021 at Viera Courthouse

B. What date and approximate time did the events giving rise to your claim(s) occur?

The Van Eick judgment lien unlawfully used for wrongful deprivation of my land expired on 10/31/2016.
Judgment Lien Certifciate issued by State of Florida & required by F.S. 56.27(4) expired 10/16/2011.
On March 8, 2019 Dan Logan paid Roy Van Eick $9k down for Assignment of the 2006 judgment, and filed a non-party personal Writ of Execution in the closed Van Eick case, without notice to me.
Sandra Lord held private Sheriff's sale. Dan Logan was one of four registered bidders on June 4, 2019.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

We owned an undivided 50% interest in a 100-acre parcel of land on Micco Road since 2002.
Dan Logan's clients, Lees, paid $1.75 million for an undivided 50% interest-Account #3007869 in 2005.
Logan's family & clients Logan & Lee (L&L) bought the 1035 acres surrounding the subject 100 in 2005.
In 2009 Dan Logan offered to also be our attorney & land manager & pay our taxes for our 100 acres.
He promised to pay our 50% of property taxes in exchange for giving Logan & Lee partners 100% use.
We did, but while we stayed off our land per our lawyer's representation terms, Logan & his L&L clients fenced our 100 acres off from the surrounding 1035, removed the cattle, and waited for the BCPAO to remove Agricultural Classification that kept the property taxes at about $1K per year. That was 2014.
In 2014 the property taxes went to $34K per year. Dan Logan stopped paying our 50% and Lees' 50%.
In 2016 Dan Logan found Roy Van Eick & advised him to re-record his 2006 judgment on 7/12/2016.
Jeff Lee's neighbor bought all Tax Certificates & filed Application for a Tax Deed in 2016, but the Tax Collector set the 100-acre parcel for a 12/15/2016 PUBLIC Tax Deed sale so L&L had to pay the $68K.
12/12/2016 TKL filed a complaint for Lees for partition-with fraudulent claims we owed them for taxes.
Tax bill they had caused andtried to use for a Tax Deed to steal the land

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

We did not sustain physical injuries, but per Dan Logan's legal representation terms we could not use or enjoy or enter our land unless we made an appointment with him and had an escort by his Micco ranch mananger Brian Percy. He faked he was representing our interests as our attorney from 2009 through 2016.
On or about November 2016 Jeff Lee called and told us about the Tax Deed sale set for Decmber 15, 2016, and he asked if I could pay $68,500 for for three years of unpaid taxes to save the land from a Public Tax Deed Sale. Their conspiracy plot to steal our land by Tax Deed to Jeff Lee's neighbor James Powell of EleventhTalent LLC failed, but it was followed by the December 12, 2016 Complaint for property taxes (caused by their purposeful loss of the Agricultural Classification) and partition of the land they had 100% use of since their 2005 purchase. We were removed as defendants from Case No.: 05-2016-CA-51591 and L&L Collections LLC became new defendant, and while both plaintiffs and defendant were represented by TKL-law Judge Jacobus partitioned the land granting the least valuable north side to L&L Collections LLC, in case we ever prevailed in a new court.
We lost all use and enjoyment of our land from 2005 when the Lees purchased their undivided 50% interest from my ex-partner for$1,750,000,without our knowledge.
I have sustained the loss of my multimillion property. I have sustained a financial injury in excess of $6.5 million which was the market value for my 50% interest in the 100 acres of high and dry land, with approvals for development, on 4/21/2021 when Judge Michelle Naberhaus filed an Order Denying My Motion to Set Aside the Sheriff's Sale, while completely ignoring all the violations of my Constitutional Rights.
I have sustained the loss of a 5% commission on the potential sale of Micco Park Village, per previously signed commission agreements with Micco Park Village owner and partner David Logan, who is Dan Logan's brother.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I want the Court to restore our undivided ownership in the Micco Road 100-acre parcel, and VOID the Sheriff's Deed to L&L Collections LLC. I would like financial restitution for loss of use of our property since the purchase by Lees in 2005 and punitive damages and repayment for my attorney fees in all the circuit court cases.
I want the Court to remove Final Judgment for me to pay L&L Collections over $153K attorney fees and costs.
I want the court to release the overage of $91,469.12 from the unlawful sheriff's sale, held by Court clerk, to me.
I want this Court to vacate all court orders in the Subject Miicco land cases brought or re-opened by Dan Logan and his TIttle,Kairalla & Logan PL partners, for their clients since 2016, including Case No.: 05-2016-CA-51591, as a Brevard judge removed us as Defendants in the 2016 property tax and partition case, made L&L Collections LLC the new Defendant in our place and allowed Tittle Kairalla & Logan PL to represent both Plaintiff and new Defendant (Logan & Lee are Micco Park Village land partners since 2005) for their, as planned, partition in 2022.
I want the Sheriff's 6/7/2019 Deed to L&L Collections LLC to be voided and/or the deed for the entire 100 acres the Brevard Sheriff levied and sold as described in the deed legal: The West 1693.37 feet be deeded to us by a court order. Note: the 100 acres is now divided into two parcels: Account #3007869 and Account #3007870
I want the Court to vacate all court rulings since 2016 in the three Micco 100-acre related Circuit court cases that were previously with Judge Turner, and currently are with Judge Michelle Naberhaus or Judge Jacobus:
Case No. 05-2005-CA-64729 and Case No. 05-2016-CA-51591 and Case No. 05-2019-CA-49270
The 100-acre parcel of land has a 2021 market value of $13,250,000.00, as proved by L&L's LoopNet Ad price.
I would like a criminal investigation into the federal crimes of wire fraud and mail fraud & falsified Official Records used for grand theft. I want restoration of my land ownership, but without the Lees, and with money damages.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/21/2023

Signature of Plaintiff ____________________

Printed Name of Plaintiff Laurel Lee Buescher

### B. For Attorneys

Date of signing: ____________________

Signature of Attorney ____________________

Printed Name of Attorney ____________________

Bar Number ____________________

Name of Law Firm ____________________

Address ____________________

____________________ *City* ________ *State* ________ *Zip Code*

Telephone Number ____________________

E-mail Address ____________________

COMPLAINT Additional Pages

III. Statement of Claim

A. **The events giving rise to my claim for violations of my civil rights occurred** mainly at Viera Courthouse in Brevard County, Florida, where Dan Logan recorded his Assignment of Judgment documents, and filed a fraudulent personal Writ of Execution, without notice to me. A Viera court clerk recorded uncertified Assignment of Judgment documents, and later falsified two (2) copies by adding backdated certifications intended only for the sheriff's "amended" levy package. Dan Logan mailed and emailed falsified OR documents from his Tittle, Kairalla & Logan PL (TKL) office, in West Palm Beach, to Brevard County Sheriff's Office in Titusville, Florida Sandra Lord, a Sheriff's clerk, held the private, unpublished sale at 700 Park Ave in Titusville. The subject 100-acre parcel of vacant land is located on south side of Micco Road in Palm Bay, Brevard County, Florida & subject 100 acres is in the center of 1035 acres owned by TKL clients.

B. **The events giving rise to my civil rights violations claim occurred on the following dates**:

On October 31, 2006 an attorney for Roy Van Eick recorded a certified copy of a $26,328.86 Judgment dated September 26, 2006 for a $23,000 unsecured debt I was unable to pay. The judgment recorded in ORB 5714 PG 6186 had his 2006 address. Case No.: 05-2005-CA-64729

On October 16, 2006 Florida Secretary of State filed Judgment Lien Certificate for Roy Van Eick On October 16, 2011 the Judgment Lien Certificate J06900015121 lapsed.

On July 12, 2016 Roy Van Eick re-recorded a certified copy of his 2006 judgment in ORB 7660 PG 2640, per our then attorney, Dan Logan's instruction, but he failed to record an Affidavit of his Current Address which was unknown in 2016, and was a requirement of F.S. 55.10(2). On or about October 31, 2016, the Van Eick judgment lien expired after ten (10) years, due to the incomplete 7/12/2016 certified re-recording without an affidavit of address, per F.S.55.10.

On December 12, 2016 Tittle, Kairalla & Logan PL filed a complaint for property tax false claims and for partition of the subject 100-acre property for Plaintiffs: David Lee LLC & Jeff Lee CASE No.: 05-2016-CA-051591 contains proof TKL lawyers knew the lien expired 10/31/2016. Paragraph 9 of the Complaint states: "*No recorded liens or encumbrances or interested parties*".

On January 2019 L&L Collections LLC registered for manager Murray Denham Logan, who is the father of Dan Logan. Dan Logan made himself registered agent & later impersonated his 80-year old father who is not an attorney, Murray D. Logan, in court proceedings and filings.

On February 13, 2019 Mark Kairalla, Esq. filed a Motion for Partial Summary Judgment on Partition in the 2016 case, and mailed Notice to both defendants to 904 Wavecrest Ave Apt B9, Indialantic, FL 32903, as required by a 2017 Court order in the case.

On or about March 8, 2019 Dan Logan drove to Melbourne to meet Roy Van Eick at a bank and paid $9k down on an $18k contingency contract after signature on the Assignment of Judgment for his $26,328.86 2006 judgment that parties knew had an expired lien since October of 2016. Dan Logan falsely stated within the Assignment of Judgment he prepared, that it was "certified". A bank employee notarized Roy Van Eick's signature on March 8, 2019, but it was not certified.

On March 8, 2019, after payment to Roy Van Eick, Dan Logan drove to the Viera Courthouse to record his uncertified Assignment of Judgment and the previously recorded judgment copies he labeled: Exhibit A and Exhibit B. His uncertified copies are in ORB 8385 PG 1440-1443. No notice to me of a new judgment holder, our ex-attorney and Micco land manager, in 2019.

On March 8, 2019 Dan Logan recorded his own Affidavit of Judgment Holder's Address in ORB 8385 PG 1444. The affidavit of Dan Logan's office address was a filed without notice to me, and with no possibility I could ever find the recording that he recorded under the name of "Beuscher".

On March 8, 2019 Dan Logan, Esq. filed a personal WRIT OF EXECUTION in the closed Van Eick 2005 case. The attorney did not mail or email Notice of his non-party filing to me. No notice .

On or about March 12, 2019 Dan Logan mailed his first Levy Request to Brevard Sheriff's Levy Department with an 11 Tab Levy Binder (concealed). It contained the uncertified, as recorded, Assignment of Judgment, with attached October 31, 2006 recording he had labeled Exhibit A, and July 12, 2016 re-recording he had labeled Exhibit B. *Not a page of his Assignment of Judgment recordings were certified prior to recording on March 8, 2019.* No new lien was created 3/8/2019

In March of 2019 the Brevard Sheriff's civil process levy expert on retainer, Gerard Keating, was unable to approve Dan Logan's March 12, 2019 Levy Request for lack of evidence of a valid judgment lien since 2016 & expired Judgment Lien Certificate since 2011.

Before April 4, 2019 Brevard Court Clerk, Stephanie Phillips added the backdated certifications to the Exhibit B judgment copy & to Dan Logan's Creditor's Affidavit, but not to record in Brevard Official Records, the falsified copies are found only in the Sheriff's April 4, 2019 "Amended" Levy Package. And only in Deputy Anthony Musante's Amended Levy Package.

On or about April 4, 2019 Dan Logan mailed & emailed his Amended Levy Package to Sandra Lord at Brevard County Sheriff's Levy Department with subject: "Execution and Levy against Laurel Buescher".

On or about April 4, 2019 Dan Logan began his cover letter with "*Dear Sandy*: *Thank you for helping me work through this complicated levy".* Sandra Lord passed in 2022, but her sworn testimony is that Gerard Keating reviewed and advised at every step of the levy.

Dan Logan's April 4, 2019 Amended Levy Package contained the falsified judgment copy from ORB 8385 PG 1443 with a certification added sometime after his first levy request was rejected. The falsified judgment copy was only for so the sheriff could show evidence in its levy file that a new lien was created in 2019 pursuant to Sun Glow Const. v Cypress, to justify the sheriff's execution, known to be in violation of F.S. 56.27(4) and 33 C.J.S. Executions 489.

On April 8, 2019 Sheriff Wayne Ivey's NOTICE OF SHERIFF'S LEVY was recorded in Brevard ORB 8408 PG 2193.

The legal description in Notice of Sheriff's Levy was for the *entire* 100-acre parcel, and not for my undivided 50% ownership interest in the 100-acre parcel. The correct legal description for an undivided 50% interest can be seen in the 2005 deed from McRoberts to Hazel V. Lee, with the correct legal beginning with: An undivided 50% interest in and to the following: The West 1697.37 feet…".

On or about April 22, 2019 Sandra Lord mailed certified Notices of Sale mostly to Tittle, Kairalla & Logan PL, at their office address of 360 Columbia Drive, Suite 100, West Palm Beach, FL where the office secretary signed for and received the notices.

On or about April 22, 2019 Sandra Lord mailed a 3x5 postcard to P.O. Box 33292 Indialantic, FL 32903, instead of to my actual last known address at 904 Wavecrest Ave, Apt B9, Indialantic, FL 32903, as required by F.S. 56.21. The Notice of Sheriff's Sale was not delivered to me, but only to General Delivery at Indialantic Post Office, and that is where the Sheriff's Notice was held, until it was returned to Brevard Sheriff's Office on May 21, 2019 because I never received the 3x5 postcard. A 3x5 postcard in a post office box was the only timely mailed *possibility* for me to be able to pick up the Notice of Sheriff's Sale.

From 2012 to 2019 my actual physical address was known to Dan Logan & to his legal partners at TKL-law. Mark Karialla mailed four (4) court notices to me at 904 Wavecrest Ave in 2019 for the partition case to notify me of his February 13, 2019 motion of partition filing and court dates. Tittle, Kairalla & Logan PL had a 2017 Court Order, to mail all court filings for me, and Keely Bennett to 904 Wavecrest Ave, Apt B9, Indialantic, FL 32903, that included my telephone.

On or about May 21, 2019, 2 weeks before the June 4, 2019 sale, Sandra Lord untimely mailed the first 3x5 postcard to my "last known address" at 904 Wave Crest Ave, Apt. B9, Indialantic, FL 329903. Again, the actual Notice was delivered to and held by Indialantic Post Office General Delivery, and a 3x5 postcard was to be delivered into my apartment mailbox, but her, untimely mailed, postcard was not received. The Indialantic Post Office returned the Notice to the Sheriff on July 4, 2019, a month after Sandra Lord held the private sale for the attorney
My sole chance to receive Notice of the Sheriff's Sale was a 3x5 postcard that I never received, which is in total violation of my Constitutional Rights.

On or about April 22, 2019 Sandra Lord ordered a digital advertisement of the Notice of Sheriff's Sale she had set for June 4, 2019, to be posted online under Miscellaneous Notices in a digital publication called the Eagle. That was why only two (2) Brevard County residents registered to bid, and they were regulars at Brevard Sheriff's sales that were advertised online only.

On October 29, 2019, Sandra Lord testified under oath during her deposition, that The Eagle was online only, since 2018. She stated the public could view the Sheriff's Notice on a library computer.

On November 8, 2019, Sheriff's clerk, Sandra Lord testified under oath at the hearing on my Motion to Set Aside the Sheriff's Sale, and she again stated that the Eagle was online only since 2018.

On or about June of 2019 Sandra Lord gave attorneys Jack Spira and Dan Logan copies of the Eagle Ad Copy #3518351 printout, per her Levy Notes.

*Fraud Note: October 21, 2019, Jack Spira concocted and attached as Exhibit W to Amended Motion to Set Aside the Sheriff's Sale, a fraudulent Affidavit of Published Notice in a no longer-existent publication he called "The Weekly Eagle". He addressed it to BREVARD "SHERRIF". The Affidavit of Published Notice was attributed to a mystery New Jersey affiant and notary. The concocted Affidavit was fraud the attorneys tried to attribute to Sandra Lord, at her 10/29/2019 deposition. Attorneys emailed it to her and instructed her to "bring copies to her deposition". She did, and the attorneys labeled their Affidavit "Exhibit 2", but when they asked if originated*

*from her, she said "No." She stated only the Ad Copy was from her. It was a fraud play to try to show a published notice in a nonexistent newspaper, by attorneys on all sides who were working together to uphold the illegal Sheriff's levy and private unpublished sale.*

From 2019 on, I had no actual legal representation. In 2022 I learned Spira, Beadle & McGarrell, had undisclosed Conflicts of Interest. I learned that SBM represented the buyer who profited by another unnoticed, never published in a newspaper, and only advertised online in the Eagle, Brevard Sheriff's Sale. Brevard Circuit case with Tracey and Stacey Parks v. Brevard Sheriff.

I learned that in 2005 SBM represented a seller who breached our commission agreement, after I introduced buyers and a Confidential Contract resulted. SBM-law profited from my real estate work and my commission loss.

Jack Spira told me in 2019 that his goal was to collect the multimillion commission for the sale of Micco Park Village when this was over. L&L owners had the 1035 acres listed on LoopNet in 2019 for $51,750,000.00. I was the broker working on a Micco Park Village sale since 2001 and I was the procuring cause of three vacant land contracts executed in 2018, but that did not close. When I asked my attorney, Jack Spira, if he was going to co-broke any future sale with me, he said "No because Logan & Lee owners do not want to work with you." The subject 100-acre parcel is in the center of the 1035 acres owned by the L&L Micco land partners, including David Lee LLC. I had open listing agreements with David Logan and David Lee for 5% commission, and I marketed Micco Park Village for L&L owners from 2005 to 2021, while Dan Logan, the Micco land manager since the Lee & Logan 2005 purchases, conspired to steal my land in the center.

In September of 2005 the Lees paid $1,750,000.00 for the undivided 50% interest in and to the subject 100-acres to my ex-partner, Samuel J. McRoberts. The 2005 deed from McRoberts to Hazel V. Lee contains the correct legal description for "An undivided 50% interest in and to the following:" The West 1697.37 feet, which is the 100 acres.

On June 7, 2019 the legal description for the entire 100-acre parcel was in Sheriff's Deed to L&L Collections LLC, and the sheriff had levied and sold the entire 100-acre parcel, per the incorrect legal description provided by Dan Logan in his Amended Levy Package. The unedited April 4, 2019 Amended Levy Package is Docket #94 of Case No.: 05-2005-CA-64729.

On June 4, 2019, Sheriff's clerk, Sandra Lord held a private sheriff's sale of the 100-acre parcel of land without Notice to me or Notice to the Public. The sale was without a timely mailed Notice to my last known address, without Notice posted on my door, without Notice published in a newspaper, without Notice posted within a ¼ mile of the only entrance to the 100-acre parcel of land on Micco Road. Deputy Musante testified to the location of the post that was placed by Dan Logan for the deputy to post the notice. It was over 50 feet off the road and behind a fence and over ¼ mile from the only entrance to the 100 acres of vacant land. The posting was removed after Dan Logan took some photos of it.

On June 4, 2019 Dan Logan was the high bidder with $150k for the 100-acre parcel that was assessed by Brevard Property Appraiser as Agricultural land at $1,200,360.00 in 2019.

In 2019 a Florida county sheriff participated in a private parties' wrongful deprivation of my property, while both the attorney and the sheriff took unlawful measures to ensure a private sale.

The Sheriff's 2019 execution was without any notice from our ex-attorney, Dan Logan, who filed three (3) separate filings in the Court Record before the private Sheriff's Sale June 4, 2019:
March 8, 2019, no Notice of filing a personal Writ of Execution *DE #39*
April 24, 2019, no Notice of Dan Logan's filed Notice of Appearance
April 24, 2019, no Notice of filing Notice of Assignment of Judgment. *DE #41*

*Fraud Note: On 4/24/2019 Dan Logan filed the actual uncertified Exhibit B judgment copy in Court, after the Sheriff's levy had begun on 4/8/2019, based on the falsified Exhibit B judgment copy that was used to fake a lien, and that he had mailed to the sheriff on 4/4/2019.*
*In 2022, I found the Exhibit B falsified judgment copy in the Sheriff's Amended Levy Package.*

On or about January of 2022 I found the concealed falsified judgment copy, used to justify the sheriff's levy, but that was after the Court's 4/21/2021 Order Denying my Motion to Set Aside the Sheriff's Sale and Final Judgment granting Quiet Title to L&L Collections LLC, that was not even a bidder at the sale. The Bidder Sign-In Sheet that was also concealed by attorneys, proved that L&L Collections LLC was not a registered bidder at the sale, but somehow had a deed.

*Fraud Note: The three attorneys who attended Sandra Lord's 10/29/2019 deposition removed and concealed the falsified Exhibit B judgment copy and removed her Bidder Sign-In Sheet, after questioning her regarding the 4 people who signed the Sheet. The attorneys used Sandra Lord's edited deposition exhibits for court exhibits. The sheriff's attorney Gerard Keating has already removed the O&E Title Information Report that stated on page 2: "This information is not to be used in foreclosure or for legal purposes". The O&E Report was listed as one of the Tabs in Dan Logan's March 12, 2019 Levy Cover Letter, but it was removed and concealed, while still referred to and relied on for Dan Logan's Amended Instructions for Levy that was approved.*

*In December 2019 Judge Turner prematurely filed his Order Denying Defendant's Motion to Set Aside the Sheriff's Sale, and Jim Tittle said he had to call to tell him to Vacate his Order as his decision filed after the hearing was continued and during a court recess, was premature.*

Judge Turner presided over all 3 Micco related cases before his retirement in December of 2020.
Case No.: 05-2016-CA-051591 the property tax and partition case went to Judge Jacobus.
In 2022 judge removed Buescher and Keely Bennett as Defendants, and replaced us with L&L Collections LLC, (Murray Denham Logan's company) before partitioning the subject 100-acres into two separate 50 acres parcels in 2022.
Account #3007869 to L&L Collections LLC and Account #3007870 to David Lee LLC etc.
Judge Jacobus allowed Tittle, Kairalla & Logan PL to represent both the Lee Plaintiffs and new Logan (L&L Collections LLC) Defendant to wrap up their 2016 partition action, as planned.
*Fraud Note: the 2016 case was all fraud following Logan's faked representation. TKL filed it after Dan Logan's multi-year plot with the Lees to steal the entire 100-acre parcel of land by a Tax Deed to Jeff Lee's neighbor, James Powell of Eleventh Talent LLC, failed in 2016, when the Tax Collector set the land for Public Sale. Logan and Lees could not let that happen and Dan Logan's brother, David Logan paid the $68K Tax Bills for the 3 years Dan Logan did not pay, after the Agricultural Classification was denied, to save the land from a public sale.*
*To start the multi-year conspiracy in 2009, Dan Logan offered to be our attorney and pay our taxes if we stayed off our land. That is why we would not know they fenced it off from the 1035 acres that surrounds it on 3 sides. Then they removed the cattle and waited for Brevard Property Appraiser to deny the Agricultural Classification that kept the property taxes at $1000 per year.*

*In 2014 Dan Logan stopped paying both our 50% and Lees' 50% of the Property Taxes so the yearly Tax Certificates could be purchased by Jeff Lee's neighbor, who then filed a Tax Deed Application in 2016. TKL and Lees filed the 12/12/2016 complaint after the tax theft plot failed.*

The 2005 Van Eick case and the 2019 Quiet Title case that Jim Tittle filed in October 2019, before the hearing on the Motion to Set Aside Sheriff's Sale, both went to Judge Naberhaus to finish what Judge Turner tried to wrap up before he retired, as Covid interfered with the plan for Case No. 05-2019-CA-049270 and co-joined Case No.: 05-2005-CA-064729

C. Dan Logan faked he was our attorney from 2009 to 2017, and kept us off our land with his legal representation terms: We give 100% use and enjoyment to his other clients Lees and Logans and he would pay our 50% of the taxes, that were only about $1K per year, but I was usually broke, so we agreed. That set up the 2016 case when the Tax Deed to Eleventh Talent LLC failed. I asked him to put his legal representation terms in writing, but he said not necessary. Hindsight explains the real reason he would not put his terms in writing.
In 2018 the partition case was put on hold by Lees and TKL attorneys because the Logans and David Lee LLC signed a contract for the Micco 1035 acres and Lee group signed a contract for their undivided 50% interest in the subject and I signed a $4.5 million contract for my undivided 50% interest. I was also to split the commission with the buyers' broker.
Dan Logan & Mark Kairalla received copies of the executed contracts.
By the end of 2018, it was clear the buyers did not have the $40+ million to close.
From 2015 to 2019 David Logan & David Lee signed open listing contracts with me, and I marketed Micco Park Village at $60 million.
Logan & Lee had Micco Park Village listed for sale at $51,750,000 on LoopNet in 2019.
In January 2019 L&L Collections LLC was formed for Dan Logan's father, Murray D. Logan aka Murray Denham Logan (who Dan impersonated for all court proceedings and at his deposition he pretended he was his father who is an owner-Dan Logan is not an owner)

Dan Logan knew the market value of the 100 acres in the center of the 1035 acres was $7 million by the February 27, 2018 contracts, when he filed his non-party fraudulent Writ of Execution on March 8, 2019, using a $26,328.86 judgment without a lien since 10/31/2016.
Neither the Sheriff nor Dan Logan ever put a good faith statement that the value of the property Dan asked the sheriff to levy did not exceed the total debt, which Dan calculated at $58,030.88 for June 4, 2019, the day he was high bidder at the unpublished, unlawful, private sheriff's.

The multi-million 100-acres, that was under 2 contracts in 2018 for $4.5M and $1.67M, was secretly sold by the sheriff in 2019 to Dan Logan, the Micco Land Manager, for $150k. The sale was purposely without Notice to me, as my uncle would have paid the $58,030.88 on my behalf. I just did not know about the 2019 judgment assignment to Dan Logan, or the filing of his Writ of Execution without notice, or the Sheriff's Levy, or the Sheriff's Sale, until after it all happened.

The first notice I received from the Sheriff, was an uncertified package with a Satisfaction of Judgment, mailed by Sandra Lord, after the sale, with a Deed to L&L Collections LLC. I was in a panic and I called my new attorney, Jack Spira, but he said wait until our next scheduled appointment on June 18, 2019. That was when Jack Spira told me I no longer owned my land.

I had retained Jack Spira in May 2019, after the May 2, 2019 hearing to file a motion for rehearing or reconsideration, but he did not file either motion on our behalf. Instead, Jack Spira and Mark Kairalla coordinated to file a Final Judgment on Partition that Judge Turner signed on June 3, 2019, the day before the sale, and recorded, June 4, 2019, the day of the sale.

On May 2, 2019 I appeared in court before Judge Turner and with Mark Kairalla on his motion for partition and my 3 motions to allow my Counter-claims. Judge Turner denied all my motions and granted Mark Kairalla's partition motion, with an Order on May 2, 2019.

On May 2, 2019 Mark Kairalla did not notify me during the hearing on the subject land, that his partner, Dan Logan, was the new interested party, or that his partner filed a Writ of Execution, or that a Sheriff's Sale was to be held in less than a month. Mark Kairalla concealed all those facts from me and he did not notify the court in any filings.
TKL-law had a Court Order from Judge Turner in 2017, to mail all court notices to my address at 904 Wavecrest Ave., Apt B9, Indialantic, FL 32903, so he did. Note: Mark Kairalla mailed 4 court notices to me in 2019 before the sale, to my actual address, while his partner, Dan Logan advised the Sheriff that he did not know my actual physical address, so no notice could be posted on my door, and no timely notice could be mailed to my actual address.

I knew nothing about the 2019 plot by TKL and clients or filings by TKL-law partner, Dan Logan

My 2019 attorney, Jack Spira helped Mark Kairalla choose the three partition commissioners, for the Partial Final Summary Judgment on Partition that was important because Jack Spira had told me it is unlawful for a sheriff to levy an undivided interest in a property, due to indefinite legal description and indefinite ownership interest. I found case laws, but indefinite interest not argued.

On May 30, 2019 Jack Spira filed his Notice of Appearance in the partition case and conveniently filed a Notice of Unavailability for the day of the Sheriff's sale and days around it, but he did not tell me of those filings. I still believed he was filing a Motion for Rehearing on our behalf and our Counter-claims for fraud and conspiracy, as he promised he would as soon as I paid his retainer. I borrowed the money for his $2500 retainer, but he never filed the motion for rehearing or the counter-claims regarding the tax deed plot, as he had promised.
Jack Spira only assisted all opposing parties and attorneys, before and after the sheriff's sale.

I never knew about the Sheriff's sale, until I received the Satisfaction of Judgment after the sale. Dan Logan was finally successful with his decade long quest for a Private Sale of the 100-acre parcel so his L&L family and clients could steal my land in the center of their 1035 acre property. As Jeff Lee stated in an email: "We want you out of the middle of our land."

Spira filed my Affidavit of No Notice on 6/20/2019, but due process did not concern the court.

Note: If Dan Logan had known about Sun Glow Const. v Cypress Recovery case, allowing a new lien after expiration, in March of 2019, he would not have had to fake a chain of Levy in his March 12, 2019 11 Tab Levy Binder and Affidavits. He didn't know, but the sheriff's civil process expert, Gerard Keating, did, and told him about the case. Both attorneys knew the 3/8/2019 uncertified recording did not create a lien and the added certification only faked one.

The Florida attorneys knew a Florida Sheriff cannot legally execute on a citizen's real property:

1) Without a valid judgment lien. The Van Eick judgement lien expired 10/31/2016 and a new lien was not created by Dan Logan on 3/8/2019
2) Without a Judgment Lien Certificate The Judgment Lien Certificate expired on 10/16/2011
3) Without Good Faith Statement the value of the property to be levied does not exceed the debt
4) When the property is an undivided interest and no definite legal description.