# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

LAUREL LEE BUESCHER,

        Plaintiff,

v.                              Case No:   6:23-cv-739-CEM-LHP

MURRAY DANIEL LOGAN,

        Defendant

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:**  **DEFENDANT, MURRAY DANIEL LOGAN'S, AMENDED MOTION TO DISMISS (Doc. No. 13)**
>
> **FILED:**  **May 23, 2023**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED without prejudice in part**.

> **MOTION:**  **PLAINTIFF, LAUREL L. BUESCHER'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS, AND REQUEST FOR LEAVE TO AMEND COMPLAINT AND ADD PARTIES (Doc. No. 16)**

**FILED:       June 13, 2023**

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot**.

**MOTION:   PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 22)**

**FILED:       July 14, 2023**

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot.**

**MOTION:   MOTION TO DISSOLVE LIS PENDENS AND SET BOND IF APPEAL IS TAKEN (Doc. No. 24)**

**FILED:       July 14, 2023**

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED without prejudice in part**.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On April 21, 2023, Plaintiff Laurel Lee Buescher, appearing _pro se_, filed a Complaint for Violation of Civil Rights (Non-Prisoner Complaint) against Defendants Sheriff Wayne Ivey, Gerard Keating, Esq., Murray Daniel Logan, and Stephanie Phillips.   Doc. No. 1.   Plaintiff filed an amended complaint on April 24,

2023 that is substantively identical to Plaintiff's original complaint, save for an additional attached one-page exhibit.   Doc. No. 5.

According to the amended complaint, the basis for this Court's jurisdiction is "Amendment 4 and 14 to the Constitution of the United States, Equal Protection under law and Right to Due Process," in particular, the "Sheriff's unlawful taking of property 'under color of law' in participation with an attorney."   Doc. No. 5, at 3.   Plaintiff also discusses, in somewhat confusing fashion, a "March 12, 2019 11 Tab Levy Binder and Levy Request."   *Id.* at 4.   The factual allegations are unclear, and at times rambling, consisting of several lengthy paragraphs in the form complaint, along with a 7-page attachment that contains a narrative of various events.   *Id.*, at 4–5, 8–14.

As best the undersigned can tell, Plaintiff alleges that, at one point in time, she owned a 100-acre parcel of vacant land in Palm Bay, Florida.   *Id.*, at 4.   Brevard County Sheriff Wayne Ivey sold Plaintiff's property via a forced sale due to unpaid tax liens to Defendant Murray Daniel Logan ("Logan") using documents allegedly forged by Logan, all of which Plaintiff claims was in violation of state law.   *Id.*, at 4–5, 8–14.   Beyond citation to 42 U.S.C. § 1983 and her Fourth and Fourteenth Amendment rights, Plaintiff does not identify any specific causes of action or theories of relief.   *Id.*   Plaintiff requests as relief that the Court overturn multiple prior state court judgments relating to the alleged unlawful sale of Plaintiff's

property, that Plaintiff have ownership of the property restored to her, and that she receive financial restitution and reimbursement for attorneys' fees incurred in litigation over this allegedly unlawful taking of property.  *Id.*, at 5.   Plaintiff also requests "a criminal investigation into the federal crimes of wire fraud and mail fraud & falsified Official Records used for grand theft."  *Id.*

On May 23, 2023, Logan filed an amended motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).[1]   Doc. No. 13.   Two days later, Logan also submitted several exhibits, which consist of various state court judgments and documents.   Doc. No. 14.   Plaintiff filed a timely response in opposition, in which she also requests leave to file an amended complaint, along with her own set of exhibits in support.   Doc. Nos. 16, 19. Plaintiff has also filed an unauthorized supplement, which appears to include a copy of her original response in opposition, along with an additional 200 plus pages of exhibits.   Doc. No. 20.[2]   In addition, on June 27, 2023, Plaintiff filed a motion for

---

[1] The undersigned denied without prejudice Logan's initial motion for failure to comply with Local Rule 3.01(g).   Doc. Nos. 9, 12.

[2] Although Plaintiff did not seek leave to file this supplement, for purposes of judicial efficiency, and in light of the lack of objection on the part of Logan, the undersigned has not stricken this filing.   However, Plaintiff is cautioned that going forward, *pro se* litigants are obligated to comply with all applicable Local Rules, Federal Rules of Civil Procedure, and Court Orders, and any future unauthorized or deficient filings will be summarily stricken or denied.   *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

partial summary judgment.   Doc. No. 22.   And on July 14, 2023, Logan moved to dissolve a lis pendens Plaintiff filed in this case in relation to the subject property. Doc. No. 24; *see also* Doc. No. 21.   As of the date of this report and recommendation, Plaintiff has not filed a response to Logan's motion to dissolve the lis pendens.

In the meantime, on August 4, 2023, Plaintiff's case was dismissed without prejudice due to her failure to timely file a Notice of Pendency of Other Actions and Disclosure Statement.   Doc. No. 29.   Plaintiff successfully sought reconsideration of that dismissal, and the case was reopened on November 28, 2023 and all motions reinstated.   Doc. Nos. 30–33.   However, Plaintiff failed to effectuate service of process on Defendants Wayne Ivey, Gerard Keating, and Stephanie Phillips, and on February 20, 2024 all claims against those Defendants were dismissed.   Doc. Nos. 34–35.   Thus, the only remaining Defendant is Logan.

Logan's amended motion to dismiss, Plaintiff's motion for leave to amend, her motion for partial summary judgment, and Logan's motion to dissolve lis pendens have each been referred to the undersigned.   Doc. Nos. 13, 16, 22, 24. Upon consideration, and for the reasons set forth below, the undersigned will respectfully recommend that the Court grant in part Logan's amended motion to dismiss (Doc. No. 13), but not for the substantive reasons set forth in that motion. Rather, the undersigned finds that Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b) and is an impermissible

shotgun pleading, and therefore should be dismissed on that basis, but with an opportunity to replead.   The undersigned will further recommend that the amended motion to dismiss be denied in all other respects.   Relatedly, the undersigned will also recommend the Court deny as moot Plaintiff's motion for leave to amend (Doc. No. 16), and motion for partial summary judgment (Doc. No. 22).   And finally, the undersigned will recommend the Court grant in part Logan's motion to dissolve lis pendens (Doc. No. 24) and dissolve Plaintiff's lis pendens notice attached to the subject property (Doc. No. 21).

## II.   LOGAN'S AMENDED MOTION TO DISMISS (Doc. No. 13)

### A.   *Legal Standards*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).   In addition, "Rule 10 of the Federal Rules of Civil Procedure requires that each claim be separated into separate counts and supported by distinct factual allegations." *Bagley v. City of Tampa*, No. 8:07-cv-218-T-27EAJ, 2007 WL 9723949, at *1 (M.D. Fla. Sept. 19, 2007) (citing Fed. R. Civ. P. 10(b)).   Although a court must accept as true well pleaded allegations, it is not bound to accept a legal conclusion couched as a factual allegation.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at

555).   For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). *See also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).   Shotgun pleadings generally present in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief"; and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."   *Id.* at 1321–23.   Each of these types of pleadings fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."   *Id.* at 1323.

A court faced with a shotgun pleading has the inherent authority to *sua sponte* dismiss the complaint and demand repleader.   *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) ("We also remind district courts of their supervisory obligation to *sua sponte* order repleading pursuant to Federal Rule of Civil Procedure 12(e) when a shotgun complaint fails to link adequately a cause of action to its factual predicates.").   "Where the allegations of a complaint are 'vague and ambiguous–leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader."   *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128–31 (11th Cir. 2001), *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018)).[3]   *See also Weiland*, 792 F.3d at 1320 (noting that the court may *sua sponte* dismiss an action "for failure to comply with Rule 8(a)(2) and Rule 10(b)" under its inherent authority); *Hewlett Packard Enter. Co. v. Digicom Tech., LLC*, No. 6:18-cv-1847-Orl-40GJK, 2018 WL 7412892, at *1 (M.D. Fla. Nov. 1, 2018) (noting that "[s]hotgun pleadings are routinely dismissed *sua sponte* for violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b)."); *S & B/Bibb Hines PB 3 Joint Venture v. Progress Energy Fla., Inc.*, No. 8:08-cv-439-JDW-MAP, 2008 WL

---

[3] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

2275534, at *1 (M.D. Fla. June 2, 2008) (finding amended complaint subject to dismissal *sua sponte* due to pleading deficiencies, despite a pending motion to dismiss on the merits, and ordering repleader).

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."   *GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662. *See also Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013) ("[L]iberal construction is not the same thing as wholesale redrafting.").   *Pro se* parties must comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Nawab v. LVNV Funding LLC*, No. 5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012); *see also Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) ("We construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys.   Nevertheless, we 'have little tolerance for shotgun pleadings.'") (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), and quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

B.   *Analysis*

As noted above, Plaintiff's amended complaint consists of rambling narratives, which combine a recitation of various facts, related to numerous different individuals and entities — only one of which remains a defendant in this

case — and does not present these facts in numbered paragraphs or separate counts or in any sort of logical fashion.   Simply put, it is impossible for the undersigned — and in turn Logan — to ascertain the factual or legal basis for any of the claims Plaintiff purports to assert.

Accordingly, the undersigned finds that the amended complaint constitutes the second, third, and forth type of shotgun pleading.   The amended complaint is the second type of shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *Weiland*, 792 F.3d at 1322, as it includes a series of legal conclusions and factual allegations regarding to the allegedly fraudulent sale of Plaintiff's property, along with several other events, without clearly connecting any such allegations to a specific cause of action beyond a conclusory reference to the Fourth and Fourteenth Amendments.   Doc. No. 5, at 3.

The amended complaint is also the third type of shotgun pleading because it fails to separate into different counts each cause of action.   *See Weiland*, 792 F.3d at 1322.   Indeed, neither the amended complaint nor the multi-page attached narrative identifies any counts or causes of action, save for a conclusory reference 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments on the first page of the form complaint.   *See* Doc. No. 5.   And the amended complaint also constitutes the fourth type of shotgun pleading as the pleading was brought against four (4)

different defendants, yet nowhere specifies which of the defendants are responsible for which acts or omissions, or which of the defendants any or all claims are brought against. *Id.*; *Weiland*, 792 F.3d at 1322–23, n. 14 (listing Eleventh Circuit cases addressing pleadings that assert multiple claims against multiple defendants without specifying which applies to which). This lack of specificity is further exacerbated by the fact that Logan is now the only defendant remaining in this litigation. *See* Doc. No. 35. And as currently drafted, it is entirely unclear from the amended complaint which actions relate to Logan and which claims for relief are asserted against Logan.

In sum, the organization and drafting of Plaintiff's amended complaint prevents a reader from knowing which allegations support which claims against which Defendants. Thus, at present, the undersigned is unable to determine whether the amended complaint in fact contains any claims for relief. The amended complaint clearly does not contain a "short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555; *see also Sbrocco v. Hartford Ins. Co. of the Se.*, No. 2:19-cv-59-FtM-99UAM, 2019 WL 2211112, at *2 (M.D. Fla. May 22, 2019) (concluding the plaintiff's complaint "is a quintessential shotgun pleading as it is a

narrative that fails to state the allegations in numbered paragraphs, fails to set forth concise statements of the facts, and is vague and conclusory.").

Because the undersigned recommends dismissal of the amended complaint as a shotgun pleading, the undersigned will further recommend that dismissal on the substantive grounds listed in Logan's amended motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. No. 13) is not warranted at this time. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (refusing to "decide whether some of [plaintiff's] claims were subject to dismissal under Rule 12(b)(6), leaving for another day a decision about other claims following repleader on remand," because such "[p]iecemeal adjudication . . . does not promote judicial efficiency."); *Ally v. Hous. Auth. of City of Orlando, Fla.*, No. 6:20-cv-1518-WWB-LRH, 2021 WL 2446760, at *4 & n.5 (M.D. Fla. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 2446712 (M.D. Fla. May 4, 2021) (finding Rule 12(b)(6) arguments premature and declining to address them when the shotgun complaint was due to be repleaded (citing *Magluta*, 256 F.3d at 1284)); *Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-cv-1044-T-33SPF, 2019 WL 2868943, at *3 (M.D. Fla. July 3, 2019) ("Because the [Amended] Complaint is a shotgun complaint, repleader is necessary and the Court need not delve into the merits of the claims at this juncture." (quoting *Madak v. Nocco*, No. 8:18-cv-2665-T-33AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018))). Given the shotgun nature of the amended complaint, the undersigned is simply

unable to ascertain what, if any, claims this Court would have subject matter jurisdiction over and/or whether any claims would survive *Rooker-Feldman* review.[4] *See Koonce-Hope v. Bass*, No. 22-11706, 2023 WL 2417638, at *1 (11th Cir. Mar. 9, 2023)2023 WL 2417638, at *1 ("Because the amended complaint did not clearly state the relief it sought, and because pro se pleadings are liberally construed, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), it is not clear that a complete dismissal on *Rooker-Feldman* grounds would be appropriate.").

Although Plaintiff previously filed an amended complaint, this is the first time that a Court has addressed the sufficiency of Plaintiff's allegations.  And because Plaintiff's amended complaint constitutes a shotgun pleading, dismissal,

———————————————

[4] Generally speaking, the *Rooker-Feldman* doctrine provides that lower federal courts lack jurisdiction to review final judgments of state courts.  *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  *See also Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021) ("*Rooker-Feldman* means that federal district courts cannot review or reject state court judgments rendered before the district court litigation began.").  "The Eleventh Circuit distinguishes between claims seeking relief from a state court judgment and claims seeking damages even if those claims are related to a state court case—the former are barred by *Rooker-Feldman* and the latter are not."  *Koonce-Hope v. Bass*, No. 22-11706, 2023 WL 2417638, at *1 (11th Cir. Mar. 9, 2023). It is unclear at this time whether, or to what extent, Plaintiff is seeking to overturn final state court judgments (which would be barred), versus seeking damages related to those state court judgments (which arguably would not be barred).  *See, e.g.*, Doc. No. 16, at 10 (Plaintiff's response, in which she seeks leave to amend to add additional facts and defendants who "benefitted" from the allegedly fraudulent sale of her property).  *See also* Doc. No. 20, at 10 (stating same).  Logan is of course free to reassert his *Rooker-Feldman* arguments if the Court provides Plaintiff leave to amend and an amended pleading is filed.

with an opportunity to replead, is appropriate. *See, e.g.*, *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citation omitted) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."); *Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009) ("[A] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim." (quoting *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985))); *Ally*, 2021 WL 2446760, at *4 (granting in part motion to dismiss and striking *pro se* complaint as second type of shotgun pleading with leave to replead); *Pyatt v. Gimenez*, No. 1:20-CV-20827, 2020 WL 4003495, at *5 (S.D. Fla. July 15, 2020) (dismissing complaint with leave to replead where it "suffer[ed] from the second and fourth 'sins' of asserting multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions and of alleging conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("[W]e note that the district court, acting on its own initiative, should have stricken [the shotgun pleading] and instructed counsel to replead their cases . . . .").

Should Plaintiff be permitted leave to amend, Plaintiff is cautioned that in an amended complaint, she must include factual allegations stating a plausible claim

for relief, which requires her to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).   Therefore, in an amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute, or common law.   Plaintiff must name as Defendants only those persons who are responsible for the alleged violations. Plaintiff must allege in the body of the complaint, under a section entitled "Statement of Facts," how each named Defendant participated in the activity that allegedly violated her rights.   Plaintiff must also allege some causal connection between each Defendant named and the injury she allegedly sustained.   One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of a person's rights or directed such action and/or omission that resulted in such deprivation. And to the extent Plaintiff seeks to assert a claim under 42 U.S.C. § 1983 against Logan, she must allege "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005) (citations omitted).   And because Logan appears to be a private actor and not a government employee or officer, Plaintiff must also allege that "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State

compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise.' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir.2001) (quoting *NBC, Inc. v. Commc'n Workers of Am.*, 860 F.2d 1022, 1026–27 (11th Cir.1988)).   *See also Wilson v. Dollar–Thrifty Auto Group– S. Fla. Transp.*, 286 F. App'x 640, 641–42 (11th Cir.2008).   Finally, Plaintiff must allege specifically harm or injury by the actions and/or omissions of the Defendant(s).[5]

Because Plaintiff is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov.   On the Court's homepage, Plaintiff can find basic information and resources for parties

_____

[5] Because the undersigned is recommending that Plaintiff's amended complaint be dismissed as a shotgun pleading and leave to amend be provided, the undersigned will further recommend that Plaintiff's request for leave to file an amended complaint (Doc. No. 16), and her motion for partial summary judgment (Doc. No. 22) both be denied as moot.   *See Cardinal v. Haines City, Fla.*, No. 8:19-cv-3137-KKM-TGW, 2021 WL 3418814, at *2 (M.D. Fla. Aug. 5, 2021) (*sua sponte* striking shotgun pleading, ordering repleader, and denying as moot motions for summary judgment); *Wuesthoff Health Sys., Inc. v. Health First, Inc.*, No. 6:05-cv-1454-Orl-22JGG, 2006 WL 580989, at *1 (M.D. Fla. Mar. 8, 2006) ("Because Plaintiff is required to amend its complaint, the Court DENIES AS MOOT Defendants' motion for summary judgment.").

who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

## II.   MOTION TO DISSOLVE LIS PENDENS AND SET BOND IF APPEAL IS TAKEN (Doc. No. 24).

On June 24, 2023, Plaintiff filed a notice of lis pendens in this Court against the property Plaintiff asserts is at issue in this case.   Doc. No. 21.   Logan has filed a motion seeking to dissolve the lis pendens, arguing that he is the lawful owner of the property,[6] that the lis pendens is defective on its face, and that the lis pendens is not based on any "good faith viable claim," but instead seeks to overturn valid and final state court judgments.   Doc. No. 24.   Plaintiff has not responded to the motion and the time to do so has expired, therefore, the undersigned treats the motion as unopposed.   *See* Local Rule 3.01(c).

As the Florida Supreme Court has held:

One of several purposes underlying the doctrine of lis pendens is that, when a suit is filed that could affect title in property, some notice should be given to future purchasers or encumbrancers of that property.   *DePass v. Chitty*, 90 Fla. 77, 105 So. 148 (1925).   This serves the purposes of protecting those purchasers or encumbrancers from becoming embroiled in the dispute, and of protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien.   In sum, unlike a typical injunction, a lis pendens exists

---

[6] Logan attests that the property Plaintiff seeks to regain ownership of is owned by L&L Collections, LLC, a company of which Logan is the sole manager.   Doc. No. 24, at 1 n. 1.

as much to warn third parties as to protect the plaintiff; and the procedural requirements associated with lis pendens should advance both of these important purposes.

*Chiusolo v. Kennedy*, 614 So. 2d 491, 492 (Fla. 1993); *see also Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972) ("The purpose of a notice of lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court.") (quotation omitted).

Florida law provides for the recording of a notice of lis pendens concerning real property in certain circumstances:

> An action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby only if a notice of lis pendens is recorded in the official records of the county where the property is located and such notice has not expired pursuant to subsection (2) or been withdrawn or discharged.

Fla. Stat. § 48.23(1)(a).   Fla. Stat. 48.23(1)(c) states a lis pendens notice must include the names of the parties; the date of the institution of the action, the date of the clerk's electronic receipt, or the case number of the action; the name of the court in which the action is pending; a description of the property involved or to be affected; and a statement of the relief sought as to the property.   Fla. Stat. § 48.23(1)(c)1.   If a plaintiff fails to include all of the statutorily required items, the notice of lis pendens is ineffective and should be dissolved.   *Oz v. Countrywide Home Loans, Inc.,*

953 So.2d 619 (Fla. 3d Dist. Ct. App. 2007) (affirming dissolution of notice of procedurally deficient lis pendens); *DeGuzman v. Balsini*, 930 So. 2d 752, 755 (Fla. 5th Dist. Ct. App. 2006) (holding that a notice of lis pendens failed to comply with prior version of section 48.23 because it did not state the time that an action was instituted, and it did not provide a statement of the relief sought as to the property).

Upon review of Logan's motion, and in the absence of an opposition by Plaintiff, the undersigned agrees with Logan that Plaintiff's lis pendens notice should be dissolved because it is procedurally deficient. Specifically, it fails to include a description of the relief sought, as required by Fla. Stat. § 48.23(1)(c)1. Doc. No. 21.[7]  *See Naseer v. Mirabella Found.*, No. 6:08-cv-1360-Orl-22KRS, 2008 WL 4853623, at *2 (M.D. Fla. Nov. 10, 2008) (finding notice of lis pendens fatally deficient and due to be dissolved because it did not contain the time of institution of the action or a statement of the relief sought as to the property); *Zamore v. Deustche Bank Nat'l Tr. Co.*, No. 17-80272-CIV-MARRA, 2018 WL 11312195, at *1 (S.D. Fla. Nov. 16,

---

[7] The undersigned recommends denial of Logan's additional request to submit a $6,500,000 supersedeas bond, as the request is based on speculation that Plaintiff will seek to appeal any Order by the Court dissolving the lis pendens notice.  *See* Doc. No. 24, at 8–10.  Nor is there any evidence before the Court suggesting that Logan intends to forthwith sell the property prior to final resolution of this case.  *See Holovka v. Ocean 4660, LLC*, No. 11–62456–CIV, 2011 WL 6721349, at *4 (S.D. Fla. Dec. 21, 2011) (dissolving lis pendens notice and preemptively setting supersedeas bond amount because the defendant had already agreed to sell the subject property prior to the plaintiff's initiation of suit.).  In the event Plaintiff does appeal, Logan may renew his request as appropriate.

2018) (granting motion to dissolve lis pendens in part because it failed to include a statement of the relief sought as to the subject property); *DeGuzman*, 930 So. 2d at 755 (holding that a notice of lis pendens failed to comply with § 48.23 because it did not, among other things, provide a statement of the relief sought as to the property); *Bothmann v. Harrington*, 458 So. 2d 1163, 1168 n. 5 (Fla. 3d Dist. Ct. App. 1984) (notice of lis pendens is procedurally defective if it fails to contain all of the required information under section 48.23(1)(a), Florida Statutes).

**III.   RECOMMENDATIONS.**

For the reasons discussed herein, it is **RESPECTFULLY RECOMMENDED** that the Court:

1.     **GRANT in part** Defendant Murray David Logan's Amended Motion to Dismiss (Doc. No. 13) to the extent that the Court **DISMISS** the amended complaint (Doc. No. 5) for failure to comply with Federal Rules of Civil Procedure 8 and 10 and as a shotgun pleading.

2.     **DENY** the motion to dismiss (Doc. No. 13) **without prejudice** in all other respects.

3.     **PERMIT** Plaintiff to file a second amended complaint, within a time established by the Court, which must address the deficiencies identified herein.

4.     **DENY as moot** Plaintiff's request for leave to file an amended complaint (Doc. No. 16).

5.      **DENY as moot** Plaintiff's Motion for Partial Summary Judgment (Doc. No. 22).

6.      **GRANT in part** Defendant Murray David Logan's Motion to Dissolve Lis Pendens (Doc. No. 24) to the extent that the Court **DISSOLVE** the notice of lis pendens (Doc. No. 21), and **DENY without prejudice** the motion in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 1, 2024.

_____

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties